**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY GLENN HESTON, | No. 18-55125 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00912-WQH-AGS |
| v. | |
| GB CAPITAL HOLDINGS, LLC, a Limited Liability Corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Jeffrey Glenn Heston appeals pro se from the district court's January 5, 2018

post-judgment order denying relief from its order granting defendant's motion to

compel arbitration and dismissing Heston's action. We have jurisdiction under 28

U.S.C. § 1291. We review for an abuse of discretion. *Sch. Dist. No. 1J,*

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion by denying Heston's motion for relief from judgment under Federal Rule of Civil Procedure 60(b) because Heston failed to set forth any basis for relief. *See id.* at 1263 (setting forth grounds for relief under Rule 60(b)).

We do not consider the district court's order granting defendant's motion to compel arbitration and dismissing the action, or the December 15, 2016 order denying Heston's motion for relief, because the notice of appeal is untimely as to those orders. *See* Fed. R. App. P. 4(a)(4)(A) (a motion under Rule 60(b) extends the time to file an appeal if the motion is filed no later than 28 days after judgment is entered); *Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17-18 (2017) (a time limit not prescribed by Congress is a mandatory claim-processing rule and if properly invoked, mandatory claim-processing rules must be enforced); *Demaree v. Pederson*, 887 F.3d 870, 876 (9th Cir. 2018) (Fed. R. App. P. 4(a)(4) is a mandatory claim-processing rule under *Hamer*).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-55125